# UNITED STATES BANKRUPTCY COURT
## Western District of Texas
## Austin Division

Bankruptcy Case No.: 21–10355–tmd

Chapter No.: 11

IN RE: **CCS Asset Management, INC.**, Debtor(s)

Adversary Proceeding No.: 21–01034–tmd

Judge: Tony M. Davis

**Arletha Cash**
Plaintiff

v.

**Anthony L. Sheridan et al.**
Defendant

## ORDER ESTABLISHING DATE FOR STATUS HEARING

Having reviewed the docket sheet and the record of the above referenced adversary proceeding, it appears that this proceeding was removed to this Court pursuant to 28 U.S.C. §§ 1452 and 1334, and Bankruptcy Rules 9027, 7003, and 7004 by a Notice of Removal filed on 7/27/21. Since this proceeding was ongoing in State Court at the time of its removal, it is incumbent upon the Court to inquire into the status of the proceeding, as well as to resolve any matters currently pending but unresolved. In the interests of judicial management and economy and to insure a prompt and final disposition of the proceeding, **IT IS THEREFORE ORDERED** that a status hearing shall be held in this adversary proceeding

at https://us–courts.webex.com/meet/Davis, via WebEx, or by phone. Call–in number:, 650–479–3207 Access code: 160 704 4630

on **8/12/21 at 10:30 AM**

Counsel for the Plaintiff(s) and the Defendant(s) shall appear at this hearing. At the status hearing the Court is to be informed of: (1) the status of the proceeding before it and any matters pending and previously undisposed of by the State Court; (2) the necessity of repleading under the Federal Rules of Civil Procedure; (3) other matters that have been timely filed, properly noticed, and set by Order of the Court relating to the administration of this adversary proceeding; including any motions to remand or to abstain, filed in the proceeding; and (4) the report of counsel for the party, having caused the removal notice to be filed as to whether the matter is a core proceeding or is a matter otherwise related to a case under Title 11 of the United States Code, as those terms are defined under 28 U.S.C. § 157, and, if only a related proceeding, the reasons that justify removal and the reasons why it should be retained by this Court.

**IT IS FURTHER ORDERED** that failure of counsel to appear at the status hearing will be considered by the Court as failure to comply with any Order of the Court, as well as conclusive evidence of a lack of present interest in prosecuting and/or defending this matter. Thus, failure of counsel to appear may result in dismissal or other default relief being entered by virtue of the Court's inherent power to control its own docket under 11 U.S.C. § 105.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve this Order on all parties to this adversary proceeding, their counsel of record, and the trustee of the bankruptcy case, if any.

Dated: 7/29/21

Barry D. Knight
Clerk, U. S. Bankruptcy Court

BY: Jennifer Lopez

**[Status Hearing Order (AP)]** [OsthrgAPap]